Filed 6/16/26  P. v. Castano CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CASTANO,<br><br>　　　Defendant and Appellant. | A171420<br><br>(Contra Costa County<br>Super. Ct. No. 05-140271-8) |

Defendant, Daniel Castano, appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6 (petition).[1] Defendant contends the trial court erroneously (1) denied his petition for failure to make a prima facie showing for relief and (2) failed to provide him a *Marsden*[2] hearing upon his request to discharge and substitute appointed counsel.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

We recite only those facts relevant to the issues raised on appeal.  In 2012, defendant shot and killed 17-year-old Fernando Jason Gonzalez outside a neighborhood school.  Maria G., a longtime acquaintance of defendant, saw

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

1

him reach through the passenger-side window of a parked sport utility vehicle (SUV) and fire a gun about five times at Gonzalez, who was seated in the SUV's driver's seat.

A jury convicted defendant of first degree murder (§ 187, subd. (a)) and active participation in a criminal street gang (§ 186.22, subd. (a)). The jury also found he committed murder for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)), and that he personally and intentionally discharged a firearm causing death (§ 12022.53, subds. (b), (c), (d)). He was sentenced to 60 years to life in prison.

In 2017, we affirmed the judgment on appeal with one exception. We reversed the imposition of a 10-year, consecutive term for the gang enhancement after concluding the trial court should have instead imposed a 15-year minimum parole eligibility period. (*People v. Castano* (June 27, 2017, A145447) [nonpub. opn.].)

On December 5, 2023, defendant filed an in pro. per. petition for resentencing under section 1172.6. In his petition, defendant claimed eligibility for resentencing based on the changes to sections 188 and 189 brought about by Senate Bill No. 1437 (2017–2018 Reg. Sess.; Senate Bill 1437). He reasoned that he was convicted of murder based on a theory of imputed malice, which Senate Bill 1437 invalidated. The trial court appointed counsel to represent him. After the prosecution opposed the petition, the newly appointed counsel filed a reply brief on defendant's behalf.

On July 18, 2024, defendant filed an in pro. per. *Marsden* motion seeking a hearing on his request to discharge his appointed counsel and substitute in new appointed counsel.

2

On August 15, 2024, the trial court heard defendant's petition. Defendant, who appeared by video, was represented by his appointed counsel. Neither defendant nor his appointed counsel raised the issue of his *Marsden* motion. The court took the matter under submission, advising the parties an order would be issued within 30 days.

On September 6, 2024, before the court issued the order, defendant filed an in pro. per. notice of appeal of "all issues raised during the [section 1172.6] proceeding in this action, including the superior court's neglect to adjudicate his pre-judgment filed and pending <u>Marsden</u> motion . . . ."

On September 10, 2024, the trial court issued its amended order denying defendant's petition for failure to state a prima facie case for relief under section 1172.6. A week later, defendant's appointed counsel filed a timely notice of appeal of the court's order.

## DISCUSSION

Defendant contends the trial court prejudicially erred in denying his resentencing petition for failure to state a prima facie case for relief and declining to hold a *Marsden* hearing based on his statutory right to counsel under section 1172.6. Neither contention has merit.

### I.     *No prima facie showing for relief was made.*

Effective January 1, 2019, Senate Bill 1437 fundamentally "altered the substantive law of murder for accomplices . . . ." (*People v. Arellano* (2024) 16 Cal.5th 457, 467 (*Arellano*).) Specifically, the bill modified the felony-murder rule and the natural and probable consequences doctrine to prohibit imposition of murder liability on a person who was not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Reyes* (2023) 97 Cal.App.5th 292, 295.) The bill also created "a procedure for

convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

Under this new procedure: " 'A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts . . . .' '[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met ([§ 1172.6], subd. (b)(1)(A)), including that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019," the effective date of Senate Bill 1437 (§ 1172.6, subd. (a)(3)).' [Citation.] 'When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition "to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c); [citation].) If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. (See § 1172.6, subd. (c); [citation].) If instead, the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause." (§ 1172.6, subd. (c).)' " (*Arellano, supra*, 16 Cal.5th at pp. 468–469, 2d bracketed insertion added.)

In determining whether a defendant made a prima facie showing under section 1172.6, the court must determine whether, taking the allegations in the petition as true, the defendant would be entitled to relief. (*Lewis, supra,*

4

11 Cal.5th at p. 971.) The court may consider the record of conviction, including the charging document, verdict forms, closing arguments, and jury instructions. (*People v. Jenkins* (2021) 70 Cal.App.5th 924, 935.) In addition, "the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion." (§ 1172.6, subd. (d)(3).) " '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, at p. 971.)

Defendant insists he made a prima facie showing for relief under section 1172.6 because, based on the jury instructions given at trial, it is possible he was convicted under a theory of liability invalidated by the changes to California's murder laws. (See *People v. Curiel* (2023) 15 Cal.5th 433, 470–471 [the inquiry at the prima facie stage is not whether the instructions make it likely the defendant was convicted under an invalid theory of murder but only whether the instructions foreclose that possibility as a matter of law].) We disagree.

At trial, the court instructed the jury on multiple theories, including first degree premeditated murder (CALCRIM No. 521); second degree murder, defined as unlawful killing with malice aforethought (CALCRIM No. 520); and involuntary manslaughter (CALCRIM No. 580). No instruction was given on the now invalidated theories of felony murder, aiding and

abetting a murder, or the natural and probable consequences theory of aiding and abetting a murder.

With respect to the enhancement allegations accompanying the murder count, the jury was instructed under CALCRIM No. 1402 that if it found defendant guilty of first degree or second degree murder "and you find that the defendant committed those crimes for the benefit of, at the direction of, or in association with a criminal street gang with the intent to promote, further, or assist in any criminal conduct by gang members, you must then decide whether, for each crime, the People have proved the additional allegation that one of the principals used/personally and intentionally discharged a firearm during that crime and caused death. [¶] . . . [¶] A person is a principal in a crime if he or she directly commits or attempts to commit the crime or if he or she aid and abets someone who commits or attempts to commit the crime." And, under CALCRIM No. 3149, the jury was instructed that if it found defendant guilty of first degree murder, "you must then decide whether, the People have proved the additional allegation that the defendant personally and intentionally discharged a firearm during that crime causing death. . . . [¶] To prove this allegation, the People must prove that: [¶] 1. The defendant personally discharged a firearm during the commission or attempted commission of that crime; [¶] 2. The defendant intended to discharge the firearm; [¶] AND [¶] 3. The defendant's act caused the death of the person." (*Sic.*)

Finally, for purposes of defendant's defense, the jury was given CALCRIM No. 3400, which provided, in relevant part: "The defendant contends he did not commit these crimes and that he was somewhere else when the crimes were committed. The People must prove that the defendant was present and committed the crimes with which he is charged."

6

Applying these instructions, the jury found defendant guilty of premeditated, first degree murder, not as an aider and abettor but as the direct perpetrator of the killing who acted with intent to kill. The jury also found defendant personally and intentionally discharged a firearm in committing first degree murder, which act "caus[ed the] death [of the victim]." Necessarily, the jury rejected the affirmative defense that defendant was not present at the murder scene.

These findings confirm defendant was convicted under a murder theory that remains valid under California law and not, as he claims, under the now invalidated theory of imputed malice. As the California Supreme Court explains: "The primary difference between express and implied malice is that the former requires an intent to kill but the latter does not." (*People v. Soto* (2018) 4 Cal.5th 968, 976.) Here, the jury found that defendant acted with the requisite intent to kill, to wit, express malice, in finding him guilty of first degree murder. Specifically, based on the language of CALCRIM No. 521, the jury found the prosecution proved beyond a reasonable doubt that "[defendant] acted willfully, deliberately, and with premeditation" in causing Gonzalez's death. In doing so, the jury implicitly rejected defendant's defense—not that an accomplice committed the murder but that he was somewhere else at the time of the event. Under these circumstances, we reject defendant's claim, made without any supporting facts, that he may have been convicted of first degree murder under a theory of imputed malice based on acts committed by a second perpetrator.

In so holding, we reject defendant's argument that the court's giving CALCRIM No. 1402 invited the jury to find him guilty of murder based on the natural and probable consequences theory of aiding and abetting. While this instruction mentions aiding and abetting, it does so in connection with

the enhancement attached to the murder count, not in connection with the underlying theory of murder.

Thus, having reviewed the relevant record, we conclude the first degree murder verdict as well as the true finding on the allegation that defendant personally and intentionally discharged a firearm causing great bodily injury or death to Gonzalez conclusively prove he was convicted as a direct perpetrator of murder. The trial court was therefore correct that, as a matter of law, defendant is ineligible for relief under section 1172.6. (*People v. Beaudreux* (2024) 100 Cal.App.5th 1227, 1247 ["reading all the charges, the instructions, the verdicts, and the findings as a whole, we see no legal route [defendant's] jury could have taken to convict him without finding he was [the victim's] actual killer"]; *People v. Garcia* (2022) 82 Cal.App.5th 956, 969–973 [affirming denial of resentencing petition when the record of conviction "unequivocally establishe[d]" defendant was the sole perpetrator and actual killer]; *People v. Myles* (2021) 69 Cal.App.5th 688, 692–694 [affirming denial of resentencing petition when defendant admitted at parole suitability hearing that she was actual killer, such that defendant was " 'directly liable' " and " 'not vicariously liable' "]; *People v. Delgadillo* (2022) 14 Cal.5th 216, 233 [defendant was "not entitled to any relief under section 1172.6" since he "was the actual killer and the only participant in the killing"].) The order stands.

## II. *The failure to hold a Marsden hearing was harmless.*

We quickly dispose of defendant's remaining contention that the trial court prejudicially erred by failing to rule on his request for a *Marsden* hearing in order to obtain discharge of his appointed counsel and substitution of new counsel.

A petitioner " 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she]

8

had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis, supra*, 11 Cal.5th at p. 974.) While in *Lewis* the petitioner was not afforded *any* assistance of counsel, the same rule applies when, as here, the petitioner (defendant) claims *ineffective* assistance of counsel.

Here, for reasons already explained, it is not reasonably probable that defendant would have avoided summary denial of his petition had new counsel been appointed to represent him. Simply put, defendant is legally ineligible for resentencing relief under section 1172.6 because he committed first degree, premeditated murder by personally discharging his firearm, causing death to Gonzalez. New counsel, even if highly effective, could not have avoided this result. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 678 ["When a petitioner is, unlike Daniel, not categorically ineligible for relief, it is possible that further facts could be developed to show that he or she was in fact convicted under a now-invalid theory of murder. . . . [¶] Here, however, Daniel has not carried his burden to demonstrate a reasonable probability that 'his petition would not have been summarily denied without an evidentiary hearing' had the trial court appointed counsel for him"].)

## DISPOSITION

The amended order of September 10, 2024, is affirmed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

A171420/*People v. Daniel Castano*

9